# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10187

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2020

Lyle W. Cayce
Clerk

ROBERT D. LOCKWOOD,

Plaintiff-Appellant

v.

MR. GARY JOHNSON, Tex. TDCJ-ID Prison Operations Director, also known as Gary Schafer, also known as NFN Schandeling; SENIOR WARDEN ADRIAN A. AMONETT, Tex. TDCJ-ID Prison, John Montford Mental Health Unit; JOE TOVAR, Major, Tex. TDCJ-ID Prison John Montford Mental Health Unit; ROBERT TREON, Regional Grievance Director/Coordinator/ Investigator - Tex. TDCJ-ID Prisons; ROBERT M. LOPEZ, Assistant and Security Personnel Gate Operations Warden,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:18-CV-286

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Robert D. Lockwood, Texas prisoner # 808461, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's order dismissing his 42 U.S.C. § 1983 complaint. Lockwood also filed notices of appeal from the denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10187

of various interlocutory orders prior to the issuance of the final appealable order. The district court dismissed Lockwood's § 1983 complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B), and denied Lockwood leave to proceed IFP, certifying that, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3), the appeal is not taken in good faith.

By moving to proceed IFP, Lockwood is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Lockwood has not addressed the reasons for the district court's certification decision; regardless, he has not shown that his appeal involves an arguable legal issue and is thus taken in good faith. *See Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Both this court's dismissal and the district court's dismissal as frivolous count as strikes for purposes of § 1915(g). Additionally, at the time he filed the instant motion, Lockwood had accrued at least one other strike. *Lockwood v. Armstrong*, No. 6:17-CV-351 (W.D. Tex. Jan. 22, 2018) (order dismissing complaint with prejudice as frivolous). Because Lockwood has accumulated at least three strikes under § 1915(g), he is now BARRED from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). He is WARNED that future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional

No. 19-10187

sanctions. He should review any pending appeals and actions and move to dismiss any that are frivolous.

MOTION FOR IFP DENIED; APPEALS DISMISSED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.